NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDRES SALMERON MORALES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70700

Agency No. A099-742-713

MEMORANDUM[*]

On Petition for Review of an Order of the
Immigration Judge

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Andres Salmeron Morales, a native and citizen of Mexico, petitions for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)

that he did not have a reasonable fear of persecution or torture in Mexico and thus

is not entitled to relief from his reinstated removal order.  Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review an IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

In his opening brief, Salmeron Morales states that he does not dispute that perceived wealthy returnees from the United States are not a cognizable particular social group. Thus, he has abandoned any challenge to the IJ's dispositive determination that he failed to establish membership in a cognizable particular social group related to returnees from the United States. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Substantial evidence supports the IJ's determination that Salmeron Morales otherwise failed to establish a reasonable possibility of persecution in Mexico on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the IJ's determination that Salmeron Morales failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico. *See Andrade-Garcia*, 828 F.3d at 836-37 (no government acquiescence demonstrated).

Salmeron Morales's contentions that the IJ applied an improper legal standard, failed to consider nexus to an imputed political opinion, ignored evidence, or otherwise erred in his analysis fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention).

We lack jurisdiction to consider Salmeron Morales's contentions that the asylum officer failed to consider all facts and did not apply a correct legal standard. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**